# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO ARANA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRAZIER,<br><br>　　　　Defendant. | Case No. 1:17-cv-01702-DAD-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(ECF No. 9)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Mauricio Arana ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 23, 2018, Plaintiff filed a "Notice of File First Amended Complaint." (ECF No. 9.) Plaintiff states that although the original complaint vividly describes his claimed injuries, he seeks to insert a description of his claimed injuries in the appropriate section of the complaint. (Id.) The Court construes Plaintiff's filing as a motion for leave to amend the complaint. The motion is deemed submitted. Local Rule 230(l).

**I.　Discussion**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a)

1

is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

Plaintiff requests leave to amend his complaint to insert a description of his claimed injuries in the appropriate section of the complaint. The Court has considered the proposed amendment and finds that leave to amend should be granted. In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Plaintiff's complaint has not yet been screened and no defendants have been served or have appeared in this action. Accordingly, Plaintiff's motion to amend shall be granted.

## II. Conclusion and Order

As discussed, Plaintiff shall be granted leave to file a first amended complaint, within thirty (30) days, in order to complete the appropriate section regarding his claimed injuries.

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Plaintiff should note that although he has been granted leave to amend, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff has been granted leave to amend the complaint for the sole purpose of inserting a description of his claimed injuries in the appropriate section.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to amend the complaint, (ECF No. 9), filed on January 23, 2018, is GRANTED;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint as discussed in this order;
4. Plaintiff shall clearly identify the amended complaint as "First Amended Complaint" and refer to the case number;
5. Plaintiff may not add any new allegations or claims to this action; and
6. **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **January 24, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE